## PRESTON & STAUFFER V. BARBER.

Decided February 5, 1903.

New Trial—Preponderance of Evidence—Reversal—Fact Case.

Where the verdict is manifestly against the great weight and preponderance of the evidence, it is reversible error for the trial court to refuse to grant a new trial. See case where affirmative evidence by plaintiff showing the price of goods shipped to plaintiff had not been paid, entitled him to judgment as against merely negative evidence by the defendant tending to show that he may have paid for the goods at the time they were received.

Appeal from the County Court of Hardin. Tried below before Hon. John P. Works.

*Cruse & Nall,* for appellant.

GILL, ASSOCIATE JUSTICE.—This suit was instituted by appellants against appellee in the justice court upon a sworn account for goods sold and delivered, and was answered by a sworn denial. A trial resulted in judgment for appellee. The same result was reached in the county court, and Preston & Stauffer have appealed.

The only assignment of error which requires our consideration is that which assails the verdict as so against the weight and preponderance of the evidence as to make it the duty of this court to reverse upon the facts. According to the evidence adduced by plaintiff, some time prior to July 27, 1901, appellee, Barber, who was a merchant at Kountze, Texas, ordered from Preston & Stauffer, who were wholesale merchants in New Orleans, La., six barrels of sugar to be shipped "order notify," which meant that it was to be paid for in cash on delivery of the goods to appellee at Kountze. All their transactions with appellee theretofore had been conducted in this way. The six barrels of sugar in question were shipped to Beaumont, Texas, with a car load of other goods designed for other parties, and from that point were shipped as open freight to appellee at Kountze. This was done by mistake, as they were shipped from New Orleans "order notify," and should have been so shipped from Beaumont to Kountze. Upon their arrival at the latter point they were delivered to Barber who paid the freight, but did not pay for the sugar, and has not since done so. That the goods were so shipped, delivered and received, and have not been paid for, is shown by one of the plaintiffs; by the agent who made the sale; by the party to whom they were consigned at Beaumont, and who reshipped them; by the railway agent at Kountze who delivered the goods and received the payment of the freight; and by the drayman who hauled the goods to Barber's place of business. In other words, the goods are traced by undisputed evidence from New Orleans, La., into appellee's hands at Kountze, and the fact that they reached him as an open shipment instead of shipper's "order notify," is accounted for and explained. As

against this, Barber opposes his own statement that he has no recollection of the particular transaction. That all the goods he ever bought of appellant were "order notify," and that he could not have gotten them otherwise. He is unable to tell how he paid for them, or to whom he paid the money. He states generally that he knows he owes appellants nothing, and has paid for all he ever purchased from them, and gives their former course of dealing as a reason for so testifying.

We think that as against the array of systematic and affirmative proof adduced by appellants this vague and negative denial should not be allowed to prevail. The verdict is manifestly against the great weight and preponderance of the evidence and the trial court should have granted a new trial. For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*